UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**DONALD EUGENE WILLIAMS, II**                                                                 **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 4:17-CV-P67-JHM**

**DEPUTY KYLE DAME et al.**                                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Donald Eugene Williams, II, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the complaint will be dismissed in part and allowed to continue in part.

### I. SUMMARY OF CLAIMS

Plaintiff, a convicted inmate housed at the Henderson County Detention Center (HCDC), sues Deputy Kyle Dame of the Union County Sheriff's Department and Officer Chad Vos of the Morganfield Kentucky Police Department in both their individual and official capacities. He alleges that on November 7, 2016, he was fleeing from Defendants when he was tased in his back and the back of his head causing him "to fall and shatter multiple bones in face, missing teeth, and multiple surgeries." He alleges that Defendants used excessive force by deploying two different tasers. He states, "By them tasing me in the location they did I fell down an embankment, that much force was not deemed in the accounts of my crime while fleeing on foot."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claim against Defendants Dame and Vos in their official capacity is actually brought against the Union County government and the Morganfield, Kentucky, government respectively. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so,

whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

3

Here, Plaintiff has not alleged that a policy or custom of either Union County government or the Morganfield, Kentucky, government caused his alleged harm. Thus, he fails to state a claim against Defendants in their official-capacities. Accordingly, the claims against Defendants in their official capacities will be dismissed.

On review, the Court will allow Plaintiff's individual-capacity claims of excessive force against Defendants to go forward.

### III. <u>CONCLUSION</u>

For the foregoing reasons,

**IT IS ORDERED** that the § 1983 claims against Defendants in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(l) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Order Directing Service and Scheduling Order to govern the development of the remaining claims, *i.e.*, the excessive-force claim against Defendants Dame and Vos in their individual capacities.

Date: September 22, 2017

                                                    **Joseph H. McKinley, Jr., Chief Judge**
                                                    **United States District Court**

cc: Plaintiff, *pro se*
      Defendants
      Union County Attorney
4414.009