# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**DONALD EUGENE WILLIAMS, II**                                                  **PLAINTIFF**

**v.**                                                                **CIVIL ACTION NO. 4:17-CV-P67-JHM**

**DEPUTY KYLE DAME et al.**                                                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court are the motion for summary judgment (DN 27) filed by Defendant Chad Voss and the motion for summary judgment (DN 31) filed by Defendant Kyle Dame. Plaintiff Donald Eugene Williams, II has responded (DN 37), and Defendants have replied (DNs 38, 39, & 40-1). The matters being ripe, the Court will grant Defendants' motions for the following reasons.

## I. STATEMENT OF THE CASE

Plaintiff's 42 U.S.C. § 1983 complaint alleged that his constitutional rights were violated by the use of excessive force during his arrest. Plaintiff sued Deputy Dame of the Union County Sheriff's Department and Officer Voss of the Morganfield Kentucky Police Department. He alleged that on November 7, 2016, he was fleeing from Defendants when he was tased in his back and the back of his head causing him "to fall and shatter multiple bones in face, missing teeth, and multiple surgeries." He alleges that Defendants used excessive force by deploying two different tasers. He states, "By them tasing me in the location they did I fell down an embankment, that much force was not deemed in the accounts of my crime while fleeing on foot." On initial review pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff's claims to continue against Defendants in their individual capacities.

## II. LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id.* If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## III. ANALYSIS

### *A. Defendant Dame's motion for summary judgment*

Defendant Dame argues in his motion for summary judgment that Plaintiff admits to fleeing on foot from law enforcement officers to avoid being arrested despite being told to stop and warned that he would be tased if he refused to stop. He further argues that the evidence establishes that Plaintiff fell twice before Defendant Dame used his taser and that Plaintiff has acknowledged that he fell down an embankment leading to his injuries.

Defendant Dame further argues that he is qualifiedly immune because his actions were not objectively unreasonable, especially taking into account that police officers are often forced to make split-second judgments in tense, uncertain, and rapidly evolving circumstances. He points to the fact that Plaintiff was refusing to obey his order to stop fleeing.

Finally, Defendant Dame points out that, with regard to Plaintiff's argument that he sustained serious injuries during his flight, Fourth Amendment analysis does not consider the extent of injury but only whether an officer subjected the detainee to gratuitous violence.

The police reports attached to Defendant Dame's summary-judgment motion show that on each of two days prior to November 7, 2016, shoplifting occurred at Wal-Mart. The *modus operandi* of the crimes was that one subject would enter the store, take merchandise without paying, run out, hop into a van which was running and waiting, and then flee the scene. On November 7, 2016, Wal-Mart alerted law enforcement that the same subject had just fled the scene. Defendants Voss and Dame were informed and pursued in two separate vehicles. They spotted the van in question getting gas at a gas station and used their vehicles to block it at the gas pump. Plaintiff got out of the van and fled on foot despite being commanded by Defendant Voss to stay in the vehicle.

Defendant Dame's affidavit in support of his summary-judgment motion avers that he pursued Plaintiff on foot, yelling for Plaintiff to stop a number of times; that he warned Plaintiff that if he did not stop fleeing he would use his taser; and that Plaintiff fell at least twice prior to his deployment of his taser – once down a steep embankment and once on a paved roadway. He further avers that when he deployed his taser Plaintiff was in a cornfield. Defendant Dame also avers that he believes that Plaintiff's injuries were the result of falling down the embankment or on the road. He avers that he deployed his taser only once and that "[b]oth prongs from my taser struck [Plaintiff]."

In Plaintiff's deposition testimony, submitted into the record, the following colloquy occurred: "Q. So is it true . . . that you basically don't remember anything once you got out of the car until you woke up in the ambulance or the hospital? A. Yes, ma'am." DN 28, Plaintiff's

3

Depo. p. 31. Elsewhere, Plaintiff's deposition testimony was as follows: "Q. So literally from the point whenever you jumped out of the car when first saw them until you woke up in the ambulance you don't remember anything. A. No, ma'am." *Id*. at p. 36.

Plaintiff's response states that he will produce hospital statements to show the seriousness of the injury to his face. He also asserts that medical reports "confirm that up to two taser deployments occurred, although Deputy Dame claims he only deployed his taser once."

Plaintiff also asserts in his response that Defendant Dame "deployed a taser device which struck [him] in the back of the head causing [Plaintiff] to fall forward uncontrollably landing on his face[.]" Plaintiff does not dispute that he does not remember the chase or tasering or that he was fleeing from a uniformed police officer. He attaches several medical documents pertaining to treatment he received at the hospital which suggest that Plaintiff fell on his face because he was tasered. However, it appears that those statements were reported by the patient, Plaintiff, and not based on any objective information, given that Plaintiff admitted during his deposition that he did not remember being tased or injuring his face.

Plaintiff attaches a copy of the ambulance report which states in the incident narrative that the ambulance crew found Plaintiff in a cornfield in the custody of law enforcement; that "law enforcement advised that they had deployed a tazer on the PT"; and that "law enforcement also advised that the PT had fell face first and begun bleeding from the nose after being tazed." That narrative also states that Plaintiff "admitted to using synthetic marijuana approximately one hour prior."

Plaintiff also states that he has attempted to obtain training materials used by the Union County Sheriff and the Morganfield City Police relating to use of force. He further asserts that once he receives the responses to his propounded discovery requests, he will be able to show that

4

excessive force was used unnecessarily and that it is detrimental to use a taser in such a way that the subject is struck with the barbs in the head. He also asserts that once he receives answers to his interrogatories they will reveal that the use of excessive force by officers is not uncommon.

Under Fed. R. Civ. P. 56(d):

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

    (1) defer considering the motion or deny it;

    (2) allow time to obtain affidavits or declarations or to take discovery; or

    (3) issue any other appropriate order.

In this case, a Scheduling Order was entered setting, among other things, a time period of over three months to complete discovery. That deadline was extended by Amended Scheduling Order by almost four months to April 30, 2018. During that time, Defendants deposed Plaintiff. According to Defendant Dame, Plaintiff conducted no discovery during the discovery period. Additionally, the Court has entered an Order (DN 42) which granted Defendant Voss's motion to strike the discovery requests referred to by Plaintiff because the discovery deadline had passed and the proffered discovery requests did not pertain to the grounds on which Defendant moves for summary judgment. Here, the Court finds that additional discovery is not needed to address the instant summary-judgment motion. The Court will, therefore, turn to the merits of Defendant Dames' summary-judgment motion.

It is axiomatic that a citizen has a constitutional right, secured by the Fourth Amendment, not to be subjected to excessive force during an arrest, investigatory stop, or other "seizure" of his person. *See Graham v. Connor*, 490 U.S. 386, 395 (1989). Moreover, citizens have a constitutional right to be free from police force when they are fully compliant and not resisting reasonable police action. *Hagans v. Franklin Cty. Sheriff's Office*, 695 F.3d 505, 509 (6th Cir.

2012). Excessive force cases are analyzed under an "objective reasonableness" standard. *Graham*, 490 U.S. at 388. Whether or not a use of force is reasonable requires balancing of "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Tennessee v. Garner*, 471 U.S. 1, 7 (1985) (quotation marks and citation omitted). Determining reasonableness "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396 (citing *Garner*, 471 U.S. at 8-9). "This is an objective test, to be 'judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" *Withers v. City of Cleveland*, 640 F. App'x 416, 419 (6th Cir. 2016) (quoting *Graham*, 490 U.S. at 396).

According to Defendant Dame's affidavit and the police reports, the crime Plaintiff was suspected of having committed was a felony. Plaintiff admitted during his deposition that he does not remember the incident. Plaintiff does not dispute that Defendant Dame was in uniform, identified himself as an officer, and instructed Plaintiff to stop running. Defendant Dame presents his affidavit in support of his statement that he only tased Plaintiff one time. Moreover, Plaintiff does not contradict Defendant Dame's account that Plaintiff fell during the chase twice before he was tased.

Clearly, Defendant Dame chased Plaintiff because he was suspected of committing a crime and was fleeing from uniformed officers who told him to stop. The records show that Defendant Dame warned Plaintiff that he would be tased if he did not stop. There is also no issue of fact regarding the fact that Plaintiff sustained injuries to his face. However, although

Plaintiff alleged in his complaint that he was tased twice and that the tasing caused his facial injuries, there is uncontradicted evidence in the record that Plaintiff does not remember the chase or being tased. Instead, Defendant Dame has averred that Plaintiff fell twice before he was tased one time by Defendant Dame and that when he was tased he was in a cornfield. Defendant Dame also avers that he believes that the facial injuries were sustained on one or both of the occasions Plaintiff fell before being tased – once down an embankment and once on a paved roadway – and not in the cornfield where the tasing occurred.

Plaintiff argues that his injuries were severe. However, as Defendant Dame points out, the seriousness of the injury does not play a part in the determination of whether there has been a constitutional violation in this context. *Hagans*, 695 F.3d at 511 ("In determining whether there has been a violation of the Fourth Amendment, we consider not the extent of the injury inflicted but whether an officer subjects a detainee to gratuitous violence.") (citation and internal quotation marks omitted).

Thus, the Court finds that Defendant Dame has met his burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 383. Defendant Dame's summary-judgment motion will be granted.

### *B. Defendant Voss's motion for summary judgment*

Defendant Voss argues that Plaintiff admits that Defendant Voss did not tase him; that his only allegation against Defendant Voss is that he participated in the chase; and that Plaintiff does not have any recollection of the incident. Therefore, he argues that he is entitled to summary judgment in his favor. He attaches copies of the police reports and his affidavit as well as Defendant Dame's affidavit. The police reports show that Defendant Voss was not involved in the chase. Defendant Dame avers that although both he and Defendant Voss began chasing

Plaintiff, Defendant Dame told Defendant Voss that he would continue the pursuit so that Defendant Voss could remain with the individuals near the van. Defendant Dame also avers that Defendant Voss used no force on Plaintiff at any time.

Plaintiff's response makes no argument regarding Defendant Voss.

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In other words, the party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. *Banks v. Wolfe Cty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). Here, Plaintiff has not done so. The evidence presented by Defendant Voss shows that he did not tase Plaintiff or indeed use any force on him. Therefore, summary judgment in favor of Defendant Voss is warranted.

## IV. CONCLUSION AND ORDER

**IT IS ORDERED** that Defendants' motions for summary judgment (DNs 27 and 31) are **GRANTED**.

The Court will enter a separate Judgment dismissing this case.

Date: February 15, 2019

Joseph H. McKinley Jr., District Judge
United States District Court

cc      Plaintiff, *pro se*
          Counsel of record
4414.009